## DECKER *v.* HAMMOND.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

GUARANTY—CONSIDERATION.

In an action on an alleged agreement by defendant to pay the debt of his employe to plaintiff, plaintiff's attorney testified that the debtor, on being pressed for payment, asked defendant to assist him, whereupon the latter paid $10, and executed an agreement in writing to pay the remainder of the claim at $5 per week, provided the debtor remained in his employ. *Held* that, as no consideration for such guaranty was shown, plaintiff could not recover.

Appeal from Orange county court.

Action by Philip Decker against David Hammond on an alleged agreement by defendant to pay a claim of plaintiff against one Luke Wyncoop. It appeared that plaintiff had recovered a justice's judgment against Wyncoop in September, 1881; that in July, 1890, plaintiff placed the claim for collection in the hands of an attorney, who, with a constable, having process issued thereon against Wyncoop, went to the latter, and urged him to pay the claim; and that a written instrument was drawn up and signed by the attorney and Wyncoop, whereby the latter agreed to pay $10 on demand and $5 per week until a certain total amount should be paid; and Wyncoop also signed an order directing defendant, Hammond, in whose employ he was at the time, to pay said sums, whereupon defendant made the payment of $10, and took the attorney's receipt therefor. The attorney further testified that defendant also signed an agreement in writing to become responsible for and guaranty the payment of $5 per week until the whole claim was paid, provided Wyncoop remained in his employ; that said agreement was left with defendant. Defendant, on notice to produce said agreement at the trial, did not produce it, and denied that he ever executed such instrument, or in any way agreed to become responsible for the debt. Plaintiff appeals from a judgment of the county court reversing the judgment of a justice entered upon the verdict of a jury in his favor. Affirmed.

Argued before BARNARD, P. J.; and DYKMAN and PRATT, JJ.

*Wilton Bennet*, for appellant. *Howell, Parshall & Schofield*, for respondent.

PRATT, J. There is an entire failure to show that the alleged agreement of defendant to become responsible for the debt of Wyncoop was based upon any consideration. A guaranty, like any other agreement, to be valid, must be based upon a consideration. There was no legal basis to sustain the verdict of the jury, which was properly set aside by the county judge. Order appealed from affirmed, with costs. All concur.